IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,)<br>c/o United States Attorney's Office   )<br>555 Fourth St., N.W.,                            )<br>Washington, DC 20530,                       )<br>                                                             )<br>            **Plaintiff,**                            )<br>                                                             )<br>            v.                                               )<br>                                                             )<br>**6880 OREGON AVENUE N.W.,**     )<br>Washington, DC 20015,                       )<br>                                                             )<br>and                                                        )<br>                                                             )<br>**556 MEADOW ROAD,**                   )<br>**BRIDGEWATER, NEW JERSEY 08807,** )<br>                                                             )<br>and                                                        )<br>                                                             )<br>**92 CEMETERY HILL ROAD**         )<br>**WASHINGTON, NEW JERSEY 07882,** )<br>                                                             )<br>            **Defendants.**                         )<br>_____) | Civil Action No. 07- |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, by and through its attorney, the United States Attorney for the District of Columbia, brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is a civil action, *in rem*, to forfeit and condemn to the use and benefit of the United States of America the following properties: 6880 Oregon Avenue, N.W., Washington, D.C. 20015; 556 Meadow Road, Bridgewater, New Jersey 08807; and 92 Cemetery Hill Road, Washington, New Jersey 07882 ("the defendant properties"), through enforcement of 18 U.S.C.

§ 981(a)(1)(A), which provides for forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 and/or 1960 (money laundering), or any property traceable to such property.

2. This action is also brought to enforce of 18 U.S.C. § 981(a)(1)(C), incorporating by reference § 1956(c)(7), incorporating by reference 18 U.S.C. § 1961(1), which provides for the forfeiture of property constituting or derived from proceeds traceable to a "specified unlawful activity," including proceeds from mail and wire fraud schemes, in violation of 18 U.S.C. §§1341 and 1343.

## THE DEFENDANT IN REM

3. The defendant properties are more fully described as:

**6880 Oregon Avenue N.W., Washington, D.C. 20015**, further described as follows:

Part of a tract of land known as "Clouin Course" formerly known as part of Parcel 64/73 described in accordance with a plat of survey recorded in Survey Book 167 at page 27 of the Records of the Office of the Surveyor for the District of Columbia as follows:

Beginning for the same at the intersection of the Southerly line Dogwood St. with the Westerly line of Oregon Avenue and running thence Southerly along the said Westerly line of Oregon Avenue, being the arc of a circle deflecting to the right and having a radius of 1166.18 feet; and are a distance of 71.02 feet; thence North 88 degrees 20 minutes and 12 seconds West 94.69 feet to a peg; thence North 7 degrees 16 minutes 24 seconds East, 75.71 feet to a peg in the Southerly line of Dogwood Street, thence Easterly along the said Southerly line of Dogwood Street, being the arc of a circle deflecting to the left and having a radius of 1035 feet, an arc distance of 80 feet to a point beginning. Said property being known for assessment and taxation purposes as Lot 828, Square 2367;

**556 Meadow Road, Bridgewater, Somerset County, New Jersey 08807,** further described as being known as Lot 20-09 Block No. 427 as shown on map entitled Pine Hill Estates. Filed in the Somerset County Clerk's Office on October 2, 2001 in Book 5045 page 2973-2974. Instrument Number 2001363003. Being also known and designated a Lot 20.09 in Block 427 as shown on a certain map

entitled, "Final Plat of a Major Subdivision of Lots 20, 21 & 22 in Block 427 Pine Hill Estates of Bridgewater, Bridgewater Township, Somerset County," said map begin duly filed in the Somerset County Clerk's Office on October 2, 2001 as Filed Map No. 5045-2973 and more particularly described as follows:

Beginning at an iron point set on the easterly sideline of Meadow Road, said iron pipe being distant 155.28 feet northerly from the northerly sideline of Dumont Court, if both were extended; thence 1.) along said sideline of Meadow Road, North 28 degrees 38 minutes 29 seconds East, a distance of 125.61 feet to a point of curvature; thence 2.) Still with same on a curve to the left with a radius of 6299.42 feet and an arc length of 29.08 feet to a concrete monument set; thence 3.) North 89 degrees 11 minutes 29 seconds East, a distance of 272.33 feet to an iron pipe set; thence 4.) South 25 degrees 42 minutes 49 seconds West, a distance of 176.91 feet to an iron pipe set; thence 5.) South 85 degrees 48 minutes 31 seconds East, a distance of 270.36 feet to the point and place of Beginning.

**92 Cemetery Hill Road, Washington, Warren County, New Jersey 07882,** further described as Block 67, Lot 25 in Tax Map of the Township of Washington, Warren County, New Jersey and further described as follows:

Beginning at a point in the pavement of Cemetery Hill Road said point being the 5th corner of a Deed filed into the Warren County Clerk's Office in Deed Book 469, Page 301 being lands of Charles Mazzarella and running thence 1.) Along line of lands of Charles Mazzarella North 27 degrees 24 minutes West, 176.93 feet to an iron pipe at the 4th corner of Mazzarella lands being also a corner of Marc Paley and Angelo Morringelo lands; thence 2.) Partially along line of lands of Angelo Morringelo North 59 degrees 46 minutes East 170.00 feet to an iron pipe in said line at the corner of lands of Cesar Ravanzo; then 3.) Along line of lands of Cesar Ravanzo South 28 degrees 04 minutes East 172.26 feet to another corner of Ravanzo in the pavement of Cemetery Hill Road; thence 4.) Along Cemetery Hill Road South 53 degrees 15 minutes West, 172.31 feet to the place of Beginning.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the defendant properties under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, the government will serve the defendant properties

pursuant to Supplemental Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions and 18 U.S.C. § 985(c)(1).  In accordance with 18 U.S.C. § 985(b)(1)(A), the defendant properties will not be seized until the entry of an order of forfeiture.

6. Venue is proper in this district by virtue of 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

7. Based on the facts set forth in this Complaint, there is reasonable cause to believe that the defendant properties were funded with the proceeds of a fraud scheme and/or constitute properties involved in money laundering and/or a conspiracy to commit those offenses and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property constituting or derived from proceeds traceable to mail fraud (in violation of 18 U.S.C. § 1341) and/or wire fraud (in violation of 18 U.S.C. § 1343), and pursuant to 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any real or personal property that is involved in a money laundering offense in violation of 18 U.S.C. §§ 1956, 1957 and/or 1960.

8. Harriette M. Walters, Diane Gustus and other known conspirators are employees at the Office of Tax and Revenue ("OTR"), which is part of the District of Columbia (D.C.) Office of the Chief Financial Officer ("OCFO").  Walters' title is Manager, Real Property Tax Administration Adjustment Unit at OTR.  Walters' salary from the D.C. Government is approximately $87,000.00 per year.  Gustus works in the Real Property Tax Administration Adjustment Unit, and reports to Walters.

9. On or about September 15, 2000, Harriette Walters purchased a residence located at

6880 Oregon Avenue N.W., Washington, D.C. 20015, for a purchase price of $420,000. On or about February 22, 2006, Walters, and another relative, Patricia Steven, purchased a residence located at 92 Cemetery Hill Road, Washington, New Jersey 07882, for $389,000. On or about April 30, 2007, Patricia Steven transferred ownership of the residence located at 92 Cemetery Hill Road, Washington, NJ 07882 to Harriette Walters and Stephanie Steven. On or about June 26, 2007, Walters and a family member, Stephanie Steven, purchased a residence located at 556 Meadow Road, Bridgewater, New Jersey 08807, for a purchase price of $855,000.

10. Walters resides at 6800 Oregon Avenue N.W., Washington, D.C. 20015.

11. The investigation revealed that from at least January 2001 through September 2007, there is reason to believe that Harriette Walters, Diane Gustus, Jayrece Turnbull, and others known and unknown, conspired together to defraud the government of the District of Columbia of more than $16,000,000 through obtaining funds from fraudulently issued property tax refund checks. The investigation reveals that more than $16,000,000 was deposited into bank accounts held by entities associated with conspirators Jayrece Turnbull, Ricardo Walters and others, based upon fraudulent submissions to OTR for property tax refunds. The entities associated with the conspirators appear to be fictitious or shell companies. The fraudulent property tax submissions were submitted and approved by some of conspirators, including Harriette Walters. Once the D.C. government checks were issued and deposited into the shell companies' bank accounts, the money was divided up between the conspirators and checks were obtained from these funds and were paid to vendors for items purchased with the proceeds of the fraud scheme.

12. At least some of the money was later transferred to off-shore accounts. The investigation so far has revealed that Walters received in excess of $400,000 in cashiers' checks

and cash drawn on accounts associated with Jayrece Turnbull.  It is unclear exactly how much Harriette Walters profited from this scheme, but over the past seven years, funds in excess of $8,000,000 have been deposited into Harriet Walters' Bank of America account, #xxxxx5677.  Funds from that account were used to pay Walters' mortgages for the defendant properties, two of which have been paid off in full.  Walters, who earns on average $80,000-$100,000 per year, has spent more than $1,400,000 at the retailer, Neiman Marcus, and has spent several hundred thousand dollars at other retailers such as Saks 5th Ave, Macy, and Louis Vuitton.

       13.  The normal process by which property tax refunds are requested and issued is as follows.  If a taxpayer (including a business) in the District of Columbia believes his/her tax assessment has been calculated incorrectly, he/she has the right to submit an appeal.  If the taxpayer wins the appeal, the Real Property Adjustments Unit ("RPAU") submits a request for a refund check to be issued to the taxpayer.  Supporting documentation usually accompanies the refund requests.

       14.  The investigation revealed that the conspirators submitted and approved false property tax refund requests.  D.C. government checks were issued as a result.  The D.C. government conducted an internal audit and have identified as many as 58 checks issued for property tax refunds that appear to have been written to shell companies controlled by conspirators for the purposes of stealing money from the D.C. government.  So far, the investigation revealed that many of what appear to be false documents submitted for the purpose of obtaining fraudulent property tax refunds were reviewed and signed-off on by Walters.  A review of was conducted regarding approximately 30 of these checks and the majority were deposited into accounts under the control of Jayrece Turnbull at Bank of America and SunTrust

Bank.

15. On at least one occasion, in furtherance of the scheme to defraud, Turnbull caused a document purporting to be from OTR to be mailed through the U.S. Postal Service to Turnbull's residence in Bowie, Maryland.

## PURCHASE OF PROPERTIES

16. Since 2000, Harriette Walters purchased three properties: 6880 Oregon Avenue N.W., Washington, D.C.; 556 Meadow Road, Bridgewater, New Jersey; and 92 Cemetery Hill Road, Washington, New Jersey.

### 6880 Oregon Avenue N.W., Washington, D.C. 20015

17. On or about September 15, 2000, Harriette M. Walters purchase the residence located at 6880 Oregon Avenue N.W., Washington, D.C. 20015 for a purchase price of $420,000. Walters obtained a mortgage with First Union Mortgage Corporation in the amount of $378,000. On February 23, 2005, Walters refinanced this mortgage and placed an additional $50,000 down on the property and thus only had a refinance mortgage in the amount of $225,000 with GMAC Mortgage. From Walters' BOA account, xxxxxx5677, at least 18 payments were traced to GMAC Mortgage, varying from $1,398.93 per month to the occasional payment of $7,462.68, $6,422.37 or several $5,000 payments. These payments total in excess of $58,349.00.

18. By July of 2007, Walters paid off this refinance mortgage completely. By August 2007, this property was valued at $808,710.00. On or about August 6, 2007, Walters refinanced this property again and obtained a refinance mortgage of $607,500 with Wells Fargo Home Mortgage. A review of Walters' Bank of America account number xxxxxxx5677, reveals

Walters' first payment of $4,229.37 on September 11, 2007 to Wells Fargo for the new refinance mortgage on this property. There is reason to believe that the multiple loans obtained on this residence were paid for with the proceeds of fraud scheme.

### 556 Meadow Road, Bridgewater, New Jersey 08807

19. On or about June 26, 2007, Harriette Walters and Shephanie Steven purchased the property located at 556 Meadow Road, Bridgewater, New Jersey 08807, for a purchase price of $855,000. A review of mortgage records indicate that there is not a mortgage on this property. The money used to purchase this property is primarily derived from the refinance of Walters' 6880 Oregon Avenue N.W. property described above, together with funds traceable to the fraud scheme. On August 13, 2007, Walters' BOA account number xxxxxxx5677 received a wire transfer of $389,372.98 from Executive Title and Escrow (for Harriette Walters). These funds appear to be the proceeds of the refinance of 6880 Oregon Avenue. On the same day, these funds, along with funds already on deposit in Walters' BOA account were used to wire transfer $420,458.66 to a New Jersey real estate attorney for the purchase of 556 Meadow Road, Bridgewater, New Jersey.

### 92 Cemetery Hill Road, Washington, NJ 07882

20. On or about February 22, 2006, Harriette Walters and Patricia Steven purchased the residence located at 92 Cemetery Hill Road, Washington, NJ 07882, for a purchase price of $389,000. On April 30, 2007, Patricia Steven transferred ownership to Harriette Walters and Stephanie Steven. The recorder of deeds in Warren County, New Jersey indicates there is no mortgage listed for this property. A review of Walters' BOA account number xxxxxxx5677 reveals that on January 6, 2006, Walters deposited $85,500 into this account. On the same day,

Walters wrote check 3997 in the amount of $88,500. It is believed that this check was used to make a down payment on this property. On January 31, 2006, Walters deposited $60,000 into this account and on the same day she wrote a check for $23,180. It is believed that this check was also used toward the purchase of this property. The residence has been paid for in full and there is no recorded lien.

21. Based on the information contained in this complaint, there is reasonable cause to believe that funds obtained by Harriet M. Walters in her scheme to defraud the D.C. government were deposited in her BOA account xxxxxxx5677 and that funds from that account were used to purchase and pay-off the mortgages on the defendant properties and, thus, the defendant properties are traceable to proceeds of the fraud schemes. Further, the funds used to purchase the defendant properties were involved in monetary transactions which constitute property that was moved to conceal its source, location or ownership and thus are defendant properties are involved in money laundering and are therefore, subject to seizure and forfeiture.

## COUNT I

22. All statements and averments made in paragraphs 1-21 are re-alleged and incorporated, herein, by reference.

23. As described above, the defendant properties constitute or are derived from proceeds traceable to violation of 18 U.S.C. § 1341.

24. By reason of the above-described facts, the defendant properties are subject to forfeiture to the United States pursuant to the provisions of Title 18, U.S.C. § 981(a)(1)(C).

## COUNT II

25. All statements and averments made in paragraphs 1-21 are re-alleged and

incorporated, herein, by reference.

26. As described above, the defendant properties constitute or are derived from proceeds traceable to violation of 18 U.S.C. § 1343.

27. By reason of the above-described facts, the defendant properties are subject to forfeiture to the United States pursuant to the provisions of Title 18, U.S.C. § 981(a)(1)(C).

## COUNT III

38.     42. All statements and averments made in paragraphs 1-21 are re-alleged and incorporated, herein, by reference.

29. The defendant properties are subject to forfeiture because they were involved in a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership or control of the proceeds of health care fraud (18 U.S.C. § 1347), a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

30. As such, the defendant properties were involved in money laundering transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and are, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

**WHEREFORE**, the United States of America prays that process of warrant issue for the arrest of the defendant properties as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant properties be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief

as this Court may deem just and proper, together with the costs and disbursements of this action.

                Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498610


/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301


/s/_____
DIANE G. LUCAS
Assistant United States Attorney
D.C. Bar No. 443610
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7912
Diane.Lucas@USDOJ.gov

## **VERIFICATION**

I, Debra L. LaPrevotte, a Special Agent for the Federal Bureau of Investigation, hereby verify and declare under penalty of perjury that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the FBI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of November, 2007.

/s/_____
Debra L. LaPrevotte
Special Agent
Federal Bureau of Investigation

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

UNITED STATES of AMERICA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __110 CJ__
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** Property described as: 6880 Oregon Ave., N.W., Washington, DC 20015; 536 Meadow Rd., Bridgewater, NJ 08807 AND 92 Cemetary Hill Rd.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Washington Twnshp,__
(IN U.S. PLAINTIFF CASES ONLY)   NJ, 07782
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:07-cv-02021
Assigned To : Sullivan, Emmet G.
Assign. Date : 11/7/2007
Description: General Civil

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZE**
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**[X] E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
[X] 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding     ☐ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from another district (specify)     ☐ Multi district Litigation     ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
18 U.S.C. Sections 981 (a)(1)(A) and 981 (a)(1)(C) also 18 USS.C. Sections 1957, 1957 and 1960

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | DEMAND $ | Check YES only if demanded in complaint<br>JURY DEMAND: ☐ YES ☒ NO |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See instruction) ☐ YES ☒ NO | If yes, please complete related case form. | |

DATE 11/7/07    SIGNATURE OF ATTORNEY OF RECORD  /s/

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

RECEIVED
NOV - 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT